**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

CHRISTIAN SANCHEZ, on behalf of himself and :          <u>Case No. 1:21-cv-00935</u>
all others similarly situated,                 :

                               :

               Plaintiffs,      :

                               :

    v.                            :

                               :

DISCOVERY COMMUNICATIONS, LLC,    :

                               :

            Defendant.     :

                               :

                               :

------------------------------------------------------------ x

## <u>DISCOVERY COMMUNICATIONS, LLC'S ANSWER TO AMENDED COMPLAINT</u>

Defendant Discovery Communications, LLC ("Defendant" or "Discovery"), by its attorneys, Weil, Gotshal & Manges LLP, answers the allegations in the First Amended Class Action Complaint and Demand for Jury Trial, dated April 21, 2021 ("Amended Complaint"), filed by plaintiffs Christian Sanchez ("Plaintiff"), through numbered paragraphs corresponding to those in the Amended Complaint, as follows:

## <u>INTRODUCTION</u>

Discovery admits that Plaintiff purports to bring this action on behalf of himself and others similarly situated.  Discovery denies knowledge or information sufficient to form a belief as to whether Plaintiff's allegations in the Amended Complaint are based on "personal knowledge".  Except as expressly admitted, Discovery denies the remaining allegations in the introductory paragraph of the Amended Complaint.

1.      Discovery denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint.

2.      Discovery denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint, and further states that the 2010 U.S. Census Bureau report and the American Foundation for the Blind's 2015 report speak for themselves.

3.      Discovery admits that Plaintiff purports to bring claims against Discovery, and denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4.      Discovery denies the allegations in the last sentence in Paragraph 4 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5.      Discovery denies the allegations in Paragraph 5 of the Amended Complaint.

6.      Discovery denies the allegations in Paragraph 6 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to what Plaintiff's future intentions are regarding purchasing a subscription from Defendant's website.

7.      Discovery admits that Plaintiff purports to seek an injunction against Discovery.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 7 of the Amended Complaint.

**JURISDICTION AND VENUE**

8.      Discovery states that the allegations in Paragraph 8 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 8.

9.      Discovery states that the allegations in Paragraph 9 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 9.

10.     Discovery states that the allegations in Paragraph 10 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 10.

11.     Discovery states that the allegations in Paragraph 11 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 11.

12.     Discovery states that the allegations in Paragraph 12 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 12.

**THE PARTIES**

13.     Discovery denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint, and further states that the allegations concerning the applicability of federal and local law to Plaintiff call for legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies those allegations in Paragraph 13.

14.     Discovery admits the allegations in Paragraph 14 of the Amended Complaint.

15.     Discovery states that the allegations in Paragraph 15 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 15.

**NATURE OF ACTION**

16.     Discovery states that the statements in Paragraph 16 of the Amended Complaint are not allegations for which a response is required.

17.     Discovery states that the statements in Paragraph 17 of the Amended Complaint are not allegations for which a response is required.

18.  Discovery states that the statements in Paragraph 18 of the Amended Complaint are not allegations for which a response is required.

19.  Discovery states that the statements in Paragraph 19 of the Amended Complaint are not allegations for which a response is required.

20.  Discovery states that the statements in Paragraph 20 of the Amended Complaint are not allegations for which a response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 20.

21.  Discovery states that the statements in Paragraph 21 of the Amended Complaint, including subsections a-q, are not allegations for which a response is required.

## **STATEMENT OF FACTS**

22.  Discovery admits that it is a media company that, among other things, owns and operates the website www.discoveryplus.com, which offers video streaming services to consumers on compatible internet connected devices.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23.  Discovery admits that it sells and distributes its video streaming service on the Website throughout the United States, including New York.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24.  Discovery admits that, among other things, on the Website it offers consumers the ability to browse streaming service subscriptions for purchase, enjoy certain discounts for access to the streaming content, view an FAQ, and enjoy exclusive online video and audio programming content.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 24 of the Amended Complaint.

25.  Discovery denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Discovery denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint.

27.     Discovery denies the allegations in Paragraph 27 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to when or if Plaintiff visited Discovery's website.

28.     Discovery denies the allegations in Paragraph 28 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to when or if Plaintiff visited Discovery's website.

29.     Discovery denies the allegations in Paragraph 29 of the Amended Complaint, and denies knowledge or information sufficient to form a belief as to when or if Plaintiff visited Discovery's website.

30.     Discovery states that the statements in Paragraph 30 of the Amended Complaint are not allegations for which a response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 30.

31.     Discovery states that the statements in Paragraph 31 of the Amended Complaint are not allegations for which a response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 31.

32.     Discovery states that the statements in Paragraph 32 of the Amended Complaint are not allegations for which a response is required.

33.     Discovery states that the statements in Paragraph 33 of the Amended Complaint are not allegations for which a response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 33.

34. Discovery denies the allegations in Paragraph 34 of the Amended Complaint, including subsections a-d, and denies knowledge or information sufficient to form a belief as to when or if Plaintiff visited Discovery's website.

35. Discovery denies the allegations in Paragraph 35 of the Amended Complaint, and denies knowledge or information regarding Plaintiff's intentions and state of mind. Discovery further states that the language of its website speaks for itself.

36. Discovery denies the allegations in Paragraph 36 of the Amended Complaint.

37. Discovery denies the allegations in Paragraph 37 of the Amended Complaint.

38. Discovery denies the allegations in Paragraph 38 of the Amended Complaint.

39. Discovery denies the allegations in Paragraph 39 of the Amended Complaint and denies knowledge or information as to whether he attempted to access Discovery's website and what knowledge, if any, he gleaned from such purported access.

40. Discovery denies the allegations in Paragraph 40 of the Amended Complaint, including subsections a-c.

41. Discovery denies the allegations in Paragraph 41 of the Amended Complaint.

42. Discovery states that the allegations in Paragraph 42 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 42.  Discovery further states that the Americans with Disabilities Act speaks for itself, and to the extent the allegations in Paragraph 42 vary therefrom, Discovery denies those allegations.

43. Discovery admits that Plaintiff purports to seek a permanent injunction as referred to in Paragraph 43 of the Amended Complaint.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 43.

44.   Discovery denies the allegations in Paragraph 44 of the Amended Complaint.

45.   Discovery denies the allegations in Paragraph 45 of the Amended Complaint.

46.   Discovery admits that it invests in the development and maintenance of the Website and in the Website's online subscription and streaming capability, including maintaining compliance with applicable WCAG standards.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 46 of the Amended Complaint.

47.   Discovery denies the allegations in Paragraph 47 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

48.   Discovery admits that Plaintiff purports to seek to certify a nationwide class as referred to in Paragraph 48 of the Amended Complaint.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 48.

49.   Discovery admits that Plaintiff purports to seek to certify a New York State subclass as referred to in Paragraph 49 of the Amended Complaint.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 49.

50.   Discovery admits that Plaintiff purports to seek to certify a New York City subclass as referred to in Paragraph 50 of the Amended Complaint.  Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 50.

51.   Discovery denies the allegations in Paragraph 51 of the Amended Complaint, and specifically denies that Plaintiff is entitled to class certification.

52.   Discovery denies the allegations in Paragraph 52 of the Amended Complaint, and specifically denies that Plaintiff is entitled to class certification.

53.   Discovery denies the allegations in Paragraph 53 of the Amended Complaint, and specifically denies that Plaintiff is entitled to class certification.

54.     Discovery denies the allegations in Paragraph 54 of the Amended Complaint, and specifically denies that Plaintiff is entitled to class certification.

55.     Discovery denies the allegations in Paragraph 55 of the Amended Complaint, and specifically denies that Plaintiff is entitled to class certification.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE ADA, 42 U.S.C. § 12181** *et seq.*

56.     In response to Paragraph 56 of the Amended Complaint, Discovery repeats and incorporates by reference its responses to the prior paragraphs of the Amended Complaint as if fully set forth herein.

57.     Discovery states that the Americans with Disabilities Act speaks for itself, and to the extent the allegations in Paragraph 57 of the Amended Complaint vary therefrom, Discovery denies those allegations.  Discovery denies the remaining allegations in Paragraph 57.

58.     Discovery states that the allegations in Paragraph 58 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the remaining allegations in Paragraph 58.

59.     Discovery states that the Americans with Disabilities Act speaks for itself, and to the extent the allegations in Paragraph 59 of the Amended Complaint vary therefrom, Discovery denies those allegations.  Discovery denies the remaining allegations in Paragraph 59.

60.     Discovery states that the Americans with Disabilities Act speaks for itself, and to the extent the allegations in Paragraph 60 of the Amended Complaint vary therefrom, Discovery denies those allegations.  Discovery denies the remaining allegations in Paragraph 60.

61.     Discovery states that the Americans with Disabilities Act speaks for itself, and to the extent the allegations in Paragraph 61 of the Amended Complaint vary therefrom, Discovery denies those allegations.  Discovery denies the remaining allegations in Paragraph 61.

62.     Discovery states that the allegations in Paragraph 62 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 62.

63.     Discovery admits that Plaintiff purports to request the relief referred to in Paragraph 63 of the Amended Complaint.   Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 63, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYCHRL

64.     In response to Paragraph 64 of the Amended Complaint, Discovery repeats and incorporates by reference its responses to the prior paragraphs of the Amended Complaint as if fully set forth herein.

65.     Discovery states that "N.Y.C. Administrative Code § 8-107(4)(a)" speaks for itself, and to the extent the allegations in Paragraph 65 of the Amended Complaint vary therefrom, Discovery denies those allegations.   Discovery denies the remaining allegations in Paragraph 65.

66.     Discovery states that the allegations in Paragraph 66 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 66.

67.     Discovery states that the allegations in Paragraph 67 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 67.

68.     Discovery denies the allegations in Paragraph 68 of the Amended Complaint.

69.     Discovery states that "N.Y.C. Admin. Code § 8-107(15)(a)" speaks for itself, and to the extent the allegations in Paragraph 69 of the Amended Complaint vary therefrom, Discovery denies those allegations.   Discovery denies the remaining allegations in Paragraph 69.

70.     Discovery denies the allegations in Paragraph 70 of the Amended Complaint, including subsections a-c.

71.     Discovery denies the allegations in Paragraph 71 of the Amended Complaint.

72.     Discovery denies the allegations in Paragraph 72 of the Amended Complaint.

73.     Discovery admits that Plaintiff purports to request the relief referred to in Paragraph 73 of the Amended Complaint. Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 73, and specifically denies that Plaintiff is entitled to any relief whatsoever.

74.     Discovery admits that Plaintiff purports to request the relief referred to in Paragraph 74 of the Amended Complaint. Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 74, and specifically denies that Plaintiff is entitled to any relief whatsoever.

75.     Discovery denies the allegations in Paragraph 75 of the Amended Complaint.

76.     Discovery admits that Plaintiff purports to request the relief referred to in Paragraph 76 of the Amended Complaint. Except as expressly admitted, Discovery denies the remaining allegations in Paragraph 76, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## THIRD CAUSE OF ACTION
### DECLARATORY RELIEF

77.     In response to Paragraph 77 of the Amended Complaint, Discovery repeats and incorporates by references its responses to the prior paragraphs of the Amended Complaint as if fully set forth herein.

78.     Discovery states that the allegations in Paragraph 78 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 78.

79.     Discovery states that the allegations in Paragraph 79 of the Amended Complaint are legal conclusions to which no response is required.  To the extent Discovery is required to respond, Discovery denies the allegations in Paragraph 79.

### PRAYER FOR RELIEF

Discovery admits that Plaintiff purports to request the relief referred to in the Prayer for Relief in the Amended Complaint, subsections a-h. Except as expressly admitted, Discovery denies the remaining allegations in the Prayer for Relief, subsections a-h, and specifically denies that Plaintiff is entitled to any relief whatsoever.

### DEMAND FOR TRIAL BY JURY

Discovery admits that Plaintiff purports to request the relief referred to in the Demand for Trial by Jury in the Amended Complaint.  Except as expressly admitted, Discovery denies the remaining allegations in the Demand for Trial by Jury.

### AFFIRMATIVE DEFENSES

Discovery sets forth the following affirmative defenses to the claims made in the Amended Complaint.  In doing so, Discovery does not assume the burden of proof with respect to any of the affirmative defenses where substantive law provides otherwise.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief man be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has sustained no injury arising from the alleged conduct.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages alleged are speculative and not recoverable under the law.

## FOURTH AFFIRMATIVE DEFENSE

The proposed class and subclasses lack standing to pursue their claims because some or all of them did not access the subject website prior to filing the Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Discovery has policies or procedures to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## SEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Amended Complaint are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because the statutes alleged in the Amended Complaint do not require accessibility to the websites at issue and/or to all portions of the websites at issue.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because, even if the statutes alleged in the Amended Complaint require accessibility, the absence of any defined standards for website accessibility having the force of law (including the private industry Web Content Accessibility Guidelines cited in the Amended Complaint) renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the ripeness doctrine because the United States Department of Justice has not issued regulations on accessibility standards for websites.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims set forth in the Amended Complaint are barred, in whole or in part, as the WCAG 2.1 AA guidelines are neither codified statutory or regulatory authority, but rather voluntary international guidelines for Web accessibility created by the Web Accessibility Initiative of the World Wide Web Consortium, and the subject website is not required to be in compliance with these voluntary guidelines.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of substantial compliance.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because the barrier removal Plaintiff seeks under the ADA is not "readily achievable," easily accomplishable, or able to be carried out without causing Discovery undue hardship and/or fundamentally altering the nature of the websites at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent they rely on the contention that the websites at issue were designed in violation of the ADA or New York local law because the websites at issue were designed and constructed, in whole or in part, before the effective dates of any applicable regulations implementing the ADA or New York local law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of actions alleged therein are barred to the extent they rely on the contention that the websites at issue were designed in violation of the ADA or New York local law because the websites at issue were designed and constructed, in whole or in part, before the effective dates of any applicable standard that had the force of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent they rely on the contention that the websites at issue were designed in violation of the ADA or New York local law, because neither the ADA, nor New York local law, nor any of the statutes' implementing regulations, address accessibility to websites.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred by Discovery's good faith reliance upon reasonable interpretations of federal, state, and local law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations that have been undertaken in the place of public accommodation.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred to the extent Plaintiff has failed to mitigate or reasonably attempt to mitigate any damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for civil penalties under N.Y. Exec. Law § 297(4)(c) are barred, in whole or in part, because N.Y. Exec. Law § 297(4)(c) does not authorize a private litigant to seek civil penalties and Plaintiffs failed to allege facts sufficient for civil penalties to the state.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for statutory and compensatory damages under the New York City Human Rights Law are barred, in whole or in part, to the extent the New York City Human Rights Law does not provide for statutory or compensatory damages to a private litigant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages under the New York City Human Rights Law is barred, in whole or in part, because Plaintiff has failed to allege conduct sufficient to obtain punitive damages under the law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for declaratory relief is barred, in whole or in part, because it is duplicative of Plaintiff's other claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Discovery's alleged failure to provide reasonable modifications or auxiliary aids or services.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiffs' claims are based.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent Plaintiff's injury or injuries, if any, was or were caused by third parties acting outside the scope of agency, employment or control of Discovery.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred, in whole or in part, to the extent the operation of certain aspects of the websites at issue are subject to the control of third parties acting outside the scope of agency, employment or control of Discovery.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief is barred to the extent Plaintiff lacks standing to seek or receive the injunctive relief sought in the Amended Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent Plaintiff's requested modifications, if any, of policies, practices and procedures are not necessary to Plaintiff's equal access to the portions of the websites at issue that operate as a place of public accommodation and/or are not reasonable modifications to Discovery's alleged policies, practices and procedures.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the websites at issue for their intended purpose.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint and the causes of action alleged therein are barred to the extent all or certain portions of the websites at issue are not a public accommodation or do not have a nexus to a place of public accommodation.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's proposed class and subclasses cannot be certified because, *inter alia*, the proposed class and subclasses, class representative, and/or class and subclass counsel fail to meet the typicality, commonality, adequacy, superiority and/or predominance requirements under Fed. R. Civ. P. 23.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury for his claim under Title III of the Americans with Disabilities Act.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Court lacks supplemental jurisdiction over Plaintiff's city law claim.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As Plaintiff failed to provide Discovery with notice as to any alleged barrier encountered or opportunity to cure same prior to filing this action, and without attempting to resolve the alleged issues through alternative means of dispute resolution, as encouraged by Congress in 42 U.S.C. § 12212, Plaintiff cannot recover attorneys' fees and costs.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Department of Justice has exclusive primary jurisdiction to regulate accessibility requirements for websites.  Discovery will fully comply with such regulations when they become effective.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Should the Court grant Plaintiff any relief, relief should be limited to prospective relief only.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to join one or more indispensable parties pursuant Federal Rule of Civil Procedure 19.

### FOURTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek any remedy to which they are not entitled under the ADA.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Damages requested are not available under the ADA. "Title III of the ADA provides a sole remedy of injunctive relief." *Tressler v. Pyramid Healthcare, Inc.*, 422 F.Supp.2d 514 (W.D. Pa. 2006) (Conti, J.). Therefore, Plaintiff's request for declaratory judgment, compensatory damages, pre- and post-judgment interest, payment of costs of the suit, and reasonable attorneys' fees and expert fees, *see* Prayer for Relief ¶¶ (c), (e)-(h), is inappropriate.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous, unreasonable and without foundation and, accordingly, Discovery should recover all costs and attorneys' fees incurred herein.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Discovery alleges that Plaintiff seeks to recover more than Plaintiff is entitled to recover in this case, and an award of damages sought by Plaintiff would unjustly enrich Plaintiff.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Discovery alleges that Discovery has not discriminated against Plaintiff because Discovery's website is already reasonably accessible to Plaintiff and neither state nor federal law imposes any higher standard for website accessibility.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Discovery alleges any allegedly wrongful acts or omissions performed by Discovery or their agents, if there were any, do not subject Discovery to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Amended Complaint would be impracticable.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Alternative means of access to the goods and services offered on the pertinent website are readily accessible and available.  Any departures from applicable guidelines, if any, are permitted by law insofar as any alternate designs provide substantially equivalent or greater access to and usability of the properties and the goods.

## RESERVATION OF RIGHTS

In addition to the defenses stated above, Discovery reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Amended Complaint and asserted Affirmative Defenses thereto, Defendant requests that:

1. Plaintiff takes nothing by his claims and that this Court enter a judgment dismissing the Amended Complaint in full with prejudice;

2. The Court deny class action status to Plaintiff;

3. Defendant be awarded its attorneys' fees and costs incurred in defending this action; and

4. Defendant be granted such other and further relief as this Court deems just and proper.

Dated:     New York, New York
            May 21, 2021

     _/s/ Gary D. Friedman_____

     Gary D. Friedman

     Larsa Ramsini

     WEIL, GOTSHAL & MANGES LLP

     767 Fifth Avenue

     New York, New York 10153

     (212) 310-8000

     gary.friedman@weil.com

     larsa.ramsini@weil.com

     *Attorneys for Defendant Discovery*
     *Communications, LLC.*